COOLEY LLP
GORDON C. ATKINSON (122401)
(atkinsongc@cooley.com)
KATHLYN A. QUERUBIN (275085)
(kquerubin@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant
NOVUS VENTURES II, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NOVUS VENTURES II, L.P.,<br><br>Defendant. | Civil Action No. 12-cv-00523 HRL<br><br>**ANSWER TO COMPLAINT FOR RECEIVERSHIP AND INJUNCTION** |

## **ANSWER**

Defendant Novus Ventures II, L.P. ("Novus") responds to Plaintiff's Complaint for Receivership and Injunction ("Complaint") as follows:

### **JURISDICTION**

**1.** Novus admits that the United States purports to bring this action on behalf of its agency, the U.S. Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"). Novus is without sufficient knowledge or information to form a belief as to the truth of the rest of Plaintiff's allegations in paragraph 1, and on that basis, denies them.

**2.** The allegations of paragraph 2 are legal conclusions to which no response is required. To the extent a response is required, Novus admits that this Court presently has subject matter jurisdiction over this purported action.

**VENUE**

**3.** The allegations of paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, Novus admits that it is a Delaware limited partnership and that it maintains its place of business and principal office at 20111 Stevens Creek Boulevard, Cupertino, CA 95014, in Santa Clara County. Novus further admits that venue is proper in this District.

**INTERDISTRICT ASSIGNMENT**

**4.** Novus admits that its principal office is located in Santa Clara County, and that this purported action is properly assigned to the San Jose Division.

**Statutory and Regulatory Framework**

**5.** Novus admits that it was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Small Business Investment Act ("The Act"), codified at 15 U.S.C. §681(c) on January 5, 2001. Novus further admits that it was issued an SBA License with the number 09/79-0433.

**6.** Novus admits that its general partner is DT Associates II, LLC.

**7.** Novus admits that it is a licensee of the SBA. The rest of the allegations of paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, Novus denies the allegations of paragraph 7.

**8.** Novus admits that the SBA has promulgated regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations"). The rest of the allegations of paragraph 8 are legal conclusions to which no response is required.

**Federal Funding Of Novus**

**9.** The allegations of paragraph 9 are legal conclusions to which no response is required.

**10.** Novus admits that the SBA provided federal funding to Novus through the purchase and/or guaranty of a Preferred Limited Partnership interest.

**11.** Novus admits that the SBA provided Leverage to Novus in the amounts and on the dates alleged in paragraph 11.

**12.** The allegations of paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, Novus admits that, subject to certain conditions, the Leverage is redeemable by the SBA.

**13.** Novus admits that it currently owes the SBA outstanding Leverage in the amount listed in paragraph 13.

**14.** Novus is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 14, and on that basis, denies them.

**15.** The allegations in paragraph 15 are legal conclusions to which no response is required. To the extent that a response is required, Novus responds that its audited financials submitted to the SBA on Form 468 speak for themselves and are the appropriate source for determining their contents. Novus otherwise denies the allegations contained in paragraph 15.

**16.** Novus admits that Greg Lahann signed Novus' audited financials Form 468 on behalf of Novus's general partner on March 31, 2011. The rest of paragraph 16 is comprised of legal conclusions to which no response is required.

### SBA's Authority for Regulatory Enforcement Against Novus

**17.** The allegations in paragraph 17 are legal conclusions to which no response is required. To the extent that a response is required, Novus responds that to the extent that paragraph 17 purports to summarize 15 U.S.C. § 687(d), the Act speaks for itself and is the appropriate source for determining its contents.

**18.** The allegations in paragraph 18 are legal conclusions to which no response is required. To the extent that a response is required, Novus responds that to the extent that paragraph 18 purports to summarize 15 U.S.C. § 687c, the Act speaks for itself and is the appropriate source for determining its contents. Novus admits that the Court may, in its discretion, appoint the SBA as Receiver, but only if certain conditions are met as required by law.

### Novus Is In Violation of the Act and Regulations

**19.** Novus admits that it submitted quarterly financial information to SBA. The rest of the allegations in paragraph 19 are legal conclusions to which no response is required. To the extent that a response is required, Novus denies the allegations of paragraph 19.

**20.**     Novus admits that it submitted a quarterly financial submission for the period ending March 31, 2006, and responds that its audited financials submitted to the SBA on Form 468 speak for themselves and are the appropriate source for determining their contents.

**21.**     Novus admits that it received a letter from the SBA dated June 5, 2006. Novus further responds that to the extent that paragraph 18 purports to summarize the SBA's June 5, 2006 letter, the letter speaks for itself and is the appropriate source for determining its contents.

**22.**     Novus admits that it did not increase its regulatory capital by not less than $14,647,109.

**23.**     Novus admits that it received a letter from the SBA dated July 22, 2008. Novus further responds that to the extent that paragraph 18 purports to summarize the SBA's July 22, 2008 letter, the letter speaks for itself and is the appropriate source for determining its contents.

**24.**     Novus admits that it most recently submitted audited financial statements to the SBA on Form 468 on March 31, 2011. Novus further responds that its audited financials submitted to the SBA on Form 468 speak for themselves and are the appropriate source for determining their contents.

**25.**     Novus denies the allegations of paragraph 25.

## COUNT ONE

## CAPITAL IMPAIRMENT

**26.**     Novus hereby incorporates as though fully set forth herein its answers to paragraphs 1 through 26.

**27.**     The allegations in paragraph 27 are legal conclusions to which no response is required. To the extent that a response is required, Novus responds that to the extent that paragraph 27 purports to summarize § 107.1830(c) of the Regulations, this section of the Regulations speaks for itself and is the appropriate source for determining its content.

**28.**     Novus is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28, and on that basis, denies them.

**29.**     Novus denies that the SBA provided Novus with "an opportunity to cure."

**30.**     Novus hereby incorporates as though fully set forth herein its answer to paragraph

22. Except as otherwise expressly admitted herein, Novus denies the allegations of paragraph 30.

**31.** Novus hereby incorporates as though fully set forth herein its answer to paragraph 22. Except as otherwise expressly admitted herein, Novus denies the allegations of paragraph 31.

**32.** The allegations in paragraph 32 are legal conclusions to which no response is required.

**33.** Novus is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33, and on that basis, denies them.

**34.** Novus denies the allegations in paragraph 34.

## AFFIRMATIVE DEFENSES

Novus asserts the following separate and additional defenses to Plaintiff's Complaint without assuming the burden of proof on such defenses that would otherwise fall on Plaintiff. Novus reserves the right to supplement or amend these defenses as discovery is conducted, and does not knowingly or intentionally waive any applicable separate and additional defense.

### First Affirmative Defense: Waiver

Plaintiff has knowingly and voluntarily waived any claims it might have against Defendant.

### Second Affirmative Defense: Equitable Defenses

Plaintiff's claims are barred under such equitable defenses as the evidence may demonstrate, including, but not limited to, the doctrines of laches, estoppel, duress, and undue burden.

### Third Affirmative Defense: Section 687(c) of the Act

Plaintiff's claims are barred under Section 687c(c) of the Act.

### Fourth Affirmative Defense: Equity

The SBA may not ask this Court to impose a Receivership on Defendant unless and until this Court determines that it would be fair and equitable to do so in accordance with applicable statutory requirements. The SBA will unable to meet its burden demonstrating that a Receivership is fair and equitable given the facts and circumstances of this case, because (among other reasons) the SBA has acknowledged (as it reasonably must) that it expects to be paid in full

in the event a receivership is not ordered by this Court given the strength of the portfolio companies remaining in Defendant's fund.

**PRAYER FOR RELIEF**

WHEREFORE, Novus prays for relief and judgment as follows:

1. That the Court deny Plaintiff's prayer for relief in its entirety and that the Court dismiss the Complaint with prejudice and enter judgment in Novus's favor and against Plaintiff;

2. That the Court award Novus its costs and expenses that it incurs in this action and attorneys' fees as permitted by law; and

3. That the Court award Novus such other and further relief that it deems appropriate

Dated: March 13, 2012                COOLEY LLP


By: /s/ Gordon C. Atkinson
    Gordon C. Atkinson

Attorneys for Defendant
NOVUS VENTURES II, L.P.